ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **WANDA ENID SANTIAGO CRUZ**<br><br>Apelada<br><br>**MODESTO SANTIAGO ROSA**<br><br>Incapaz<br><br>Ex Parte<br><br>v.<br><br>**MYRMARIE SANTIAGO ORTEGA**<br><br>Apelante | KLAN202400604 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2020RF00111**<br><br>Sobre: Declaración de Incapaz, Nombramiento de Tutor |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la Sra. Myrmarie Santiago Ortega (Sra. Santiago Ortega o Apelante) y nos solicita que revoquemos dos dictámenes emitidos por el Tribunal de Primera Instancia, Sala de Caguas (TPI) el 16 de mayo de 2024. El primero, una *Resolución* mediante la cual se establecieron medidas cautelares dirigidas a la conservación de los bienes del presunto incapaz, el Sr. Modesto Santiago Rosa (Sr. Rosa). El segundo, una *Sentencia* la cual ordenó la desestimación de la solicitud de incapacidad y nombramiento de tutor ante el fallecimiento del Sr. Santiago, e indicó que se mantenían todas las órdenes dictadas en el presente caso dirigidas a garantizar la conservación de sus bienes.

Número Identificador
SEN2024 _____

Por los fundamentos que exponemos a continuación, confirmamos las determinaciones del TPI.[1]

I.

Según surge del expediente, el 16 de febrero de 2020, la Sra. Wanda Enid Santiago Cruz (Sra. Santiago Cruz) presentó una Petición sobre declaración de incapacidad mental y nombramiento de tutor, a la cual luego se unió la Sra. Crizaida Santiago Reyes. Mediante la misma, la Sra. Santiago Cruz solicitó la tutela de su padre, el Sr. Santiago, quien alegadamente padece de Alzheimer. Con dicha petición acompañó un certificado médico del Dr. José R. Viera Vega.

El 24 de julio de 2020, la Apelante presentó *Contestación a la Demanda* y una *Reconvención* solicitando que se le nombrara tutora de su padre. De igual manera, la Procuradora de Asuntos de Familia compareció en representación del Ministerio Público.

Luego de varios incidentes procesales, el 13 de septiembre de 2022 comenzó el juicio en su fondo. Así las cosas, en la vista del 13 de mayo de 2024, la Sra. Santiago Cruz solicitó al TPI que se tomaran medidas cautelares para la protección de los bienes del Sr. Santiago ya que su condición de salud había empeorado y se encontraba hospitalizado en intensivo. Por otro lado, surge de la *Minuta* de 13 de mayo de 2024, lo siguiente:

> La Licenciada Vidal informa que en el día de mañana se entregarán los balances de las cuentas bancarias (que terminan en: 8136, 0153 y 1902) y la información de los servicios fúnebres. Están de acuerdo con la consignación de la cuenta 1902. En cuanto a la 8136 se transferirá mediante consignación al Tribunal. No se efectuarán transacciones a través de la cuenta personal de Myrmarie Santiago. Los depósitos de los arrendamientos se harán en esa misma cuenta (8136), excepto la antena que continuará en la cuenta que termina en 0153.[2]

---

[1] Ello implica que dejamos sin efecto nuestra *Resolución* del 24 de junio de 2024, en la que concedimos término a la parte apelada para que presentara su alegato en oposición.
[2] Véase, Apéndice del recurso de Apelación, pág. 29.

El 16 de mayo de 2024, la Sra. Santiago Ortega presentó una *Urgente Moción en Solicitud de Desestimación por Academicidad*, en la que indicó que el Sr. Santiago había fallecido el 15 de mayo de 2024, a las 6:19 pm. La Sra. Santiago Cruz se opuso a la solicitud de desestimación por academicidad presentada por la Apelante.

Ese mismo día, el TPI emitió una *Resolución* notificada el 20 de mayo de 2024, que recoge las incidencias de la vista celebrada el 13 de mayo de 2024, y los acuerdos provisionales que alcanzaron las partes para proteger los bienes del Sr. Santiago en caso de que este falleciera. En consecuencia, el TPI ordenó ciertas medidas cautelares hasta que se le designase un tutor al Sr. Santiago dirigidas a garantizar la administración de sus bienes. Entre dichas medidas, el TPI nombró un administrador judicial a quien el tribunal le ordenó rendir un informe sobre la situación de los bienes del Sr. Santiago.

Al mismo tiempo, el TPI dictó una *Sentencia* mediante la cual ordenó desestimar la solicitud de incapacidad y nombramiento de tutor ante el fallecimiento del Sr. Santiago, e indicó que se mantenían todas las medidas cautelares dictadas en el caso de epígrafe dirigidas a garantizar la conservación de sus bienes.

Inconforme con estas determinaciones, la Apelante acude ante nos y señala que el TPI cometió los siguientes errores:

1. Erró el Tribunal de Primera Instancia al emitir una Resolución ordenando medidas cautelares una vez fallecido el presunto incapaz.

2. Erró el Tribunal de Primera Instancia al emitir una Sentencia ordenando la desestimación de la solicitud de declaración de incapacidad y nombramiento de tutor, así como la Reconvención, manteniendo vigentes las medidas cautelares dirigidas a la conservación de los bienes una vez fallecido el presunto incapaz.

Examinado el escrito de la Apelante y los documentos que obran en autos, estamos en posición de resolver.

II.

En el presente caso, la acción judicial promovida por la Apelante para obtener la declaración judicial de incapacidad del Sr. Santiago, así como las acciones dirigidas a la conservación y protección de sus bienes fueron presentadas previo a su fallecimiento. Ahora bien, el cuestionamiento principal ante nuestra consideración en torno a los dictámenes apelados es la determinación del TPI de mantener vigentes las medidas cautelares para proteger los bienes pertenecientes al Sr. Santiago luego de su fallecimiento.

El Código Civil establece que "el Tribunal adoptará provisionalmente las medidas cautelares necesarias para la seguridad de la persona y de los bienes del alegado incapaz, hasta que se dicte sentencia". Art. 116 del Código Civil, 31 LPRA sec. 5641. Por su propia naturaleza, "[l]as medidas cautelares están predicadas en la facultad inherente de los tribunales para estructurar remedios que protejan su jurisdicción y eviten un fracaso de la justicia". *Engineering Services v. AEE*, 209 DPR 1012, 1020 (2022); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 678 (1997). Es decir que, por tratarse de remedios provisionales, el foro judicial no solamente tiene flexibilidad para determinar si los concede o los deniega, sino que tiene discreción para determinar el remedio adecuado ante las circunstancias particulares del caso bajo su consideración. *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018).

Al examinar detenidamente el recurso ante nosotros vemos que las partes llegaron a unos acuerdos durante la vista del 13 de mayo de 2024, libre y voluntariamente. Cabe destacar que la *Minuta* de dicha vista recoge los acuerdos avalados por las partes incluyendo la consignación de la cuenta 1902; la transferencia de la cuenta 8136 mediante consignación al Tribunal; y la prohibición de realizar transacciones por medio de la cuenta personal de la Sra.

Santiago Ortega. En fin, mediante los dictámenes apelados, el TPI ordenó establecer las medidas cautelares provisionales, las cuales recogen los acuerdos voluntarios entre las partes dirigidas a proteger y continuar administrando los bienes del Sr. Santiago antes de su fallecimiento. Por tanto, al momento de fallecer el Sr. Santiago existían las medidas provisionales acordadas por las partes y estas no dejaron de surtir efecto una vez el TPI determinó que la petición se tornó académica.

En virtud de lo anterior, declinamos intervenir con la discreción del TPI. Por ello, procede confirmar las determinaciones del TPI.

III.

Por los fundamentos expuestos, se confirman la Resolución y la Sentencia apeladas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones